# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5251 | **DATE** | April 8, 2004 |
| **CASE TITLE** | AMERICAN NATIONAL BANK V. ALLMERICA FIN | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Allmerica's motion for reconsideration and clarification [62-1] is denied. A status hearing is set for April 28, 2004, at 11:00 a.m.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| X | Notices MAILED by judge's staff. | | APR - 9 2004 date docketed | **69** |
| | Notified counsel by telephone. | | 15 | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | CLERK U.S. DISTRICT COURT | date mailed notice | |
| | Copy to _____ | 2004 APR -8 PM 3: 07 | | |
| KAM courtroom deputy's initials | | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | [Reserved for use by the Court) | | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee f/b/o Emerald Investments Limited Partnership, and EMERALD INVESTMENTS LIMITED PARTNERSHIP, an Illinois partnership, | ) ) ) ) ) ) | APR - 9 2004 |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 02 C 5251 |
| ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Before the court is defendant's motion for reconsideration and clarification of our Memorandum Opinion of December 11, 2003, in which we granted in part plaintiffs' motion for summary judgment. Defendant's motion is denied for the reasons stated below.

This is a breach of contract action brought by Emerald Investments Limited Partnership ("Emerald") regarding two annuities[1] Emerald bought from defendant Allmerica Financial Life Insurance and Annuity Company ("Allmerica").[2] Emerald alleges that Allmerica breached the Annuity Contracts by unilaterally imposing

---

[1] The annuities were Kemper Gateway Custom Variable Annuities.

[2] The titleholder of the annuities (for the benefit of Emerald) is also a plaintiff. For simplicity, we will refer to Emerald alone.
The facts of this dispute are set forth in our Memorandum Opinion of December 11, 2003 and will not be repeated in detail here.

a set of Transfer Rules that severely limited transfers of amounts in various investments and by refusing to permit Emerald to make these transfers after the Transfer Rules were imposed.

Emerald filed a motion for summary judgment on its breach of contract claim. In our Memorandum Opinion of December 11, 2003, we held that there is no genuine issue that Allmerica breached the Contracts by imposing the Transfer Rules. (The issue of damages for this breach remains.) We also held that there is a genuine issue of fact as to whether Allmerica breached the Contracts by refusing to permit trades after the Transfer Rules were imposed, and we allowed discovery on that issue.

Allmerica now moves for reconsideration and clarification of our memorandum opinion.

**A. Reconsideration of "Partial" Summary Judgment for Plaintiffs**

Our memorandum opinion discussed Allmerica's affirmative defense that Emerald breached the Annuity Contracts by violating the duty of good faith and fair dealing. We found that although Emerald had the contractual discretion to make transfers and therefore was required to exercise that discretion in accord with the parties' reasonable expectations, Allmerica had not demonstrated a genuine issue of material fact that Emerald breached that obligation.

Allmerica contends that it has now has "newly-discovered evidence" that creates a genuine issue of material fact as to the

reasonableness of Emerald's exercise of contractual discretion and as to Allmerica's equitable estoppel defense. Allmerica submits the Declaration of James O'Brien, who was a sales representative for Kemper Distributors, Inc. ("Kemper") (now known as Scudder Distributors, Inc.) at the time the Annuity Contracts were entered into. (Kemper was responsible for marketing and selling Allmerica's annuities.) According to Allmerica, Emerald "assured Mr. O'Brien that [it] would only engage in one or two trades per month between the funds in the Gateway annuity sub-account," and "[o]nce Mr. O'Brien was satisfied by [Emerald's] assurances, the sale went forward." (Defendant's Memorandum at 4-5.) Allmerica asserts that "[s]hortly after Allmerica issued the contracts to Emerald, Emerald did exactly the opposite of what it had told Mr. O'Brien. It began engaging in frequent large trades between accounts far in excess of the one or two trades a month it had told Kemper." (Id. at 5.)

Allmerica states that it "did not have the opportunity to speak with Mr. O'Brien until recently," so it was unable to present this evidence in its brief opposing summary judgment. (Defendant's Memorandum at 5.) Outside counsel for Allmerica states simply that before January 2004, he "was not permitted to speak to any Scudder representatives involved in the marketing of these annuities." (Defendant's Memorandum, Ex. A, Declaration of Alan S. Gilbert.)

Counsel fails to explain <u>why</u> he was not "permitted" to discover facts from Scudder, a party that Allmerica claims was its own agent.

"To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" <u>Caisse Nationale de Credit Agricole v. CBI Indus.</u>, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). Allmerica has failed to make this showing because its explanation is incomplete. Nevertheless, we will examine its "newly-discovered evidence"--Mr. O'Brien's declaration. The declaration states in relevant part:

> 4. From approximately October 1996 to February 2000, I was a regional sales representative for Scudder Distributors, Inc. I was responsible for, among other things, wholesaling variable annuity products to broker/dealers in the Midwest region of the United States.
> 5. One of the variable annuity products I was responsible for wholesaling was the Kemper Gateway Custom Variable Annuity (the "Gateway Annuity"). The Gateway Annuity was issued by Allmerica Financial and wholesaled by Scudder Distributors, Inc.
> 6. In early 1999, I spoke with Gary Hokin ("Hokin") of Nicoh Securities to discuss the Gateway Annuity.
> 7. Hokin told me that he had a client that was interested in purchasing a Gateway Annuity. Hokin also told me that the client expected to engage in one or two trades per month between the funds in the Gateway Annuity sub-accounts.
> 8. I later learned that Hokin's client engaged in substantially more than two trades per month between the funds in the Gateway Annuity sub-accounts.

> 9. If Hokin had disclosed to me, prior to the purchase,
> the true frequency of his trading, I would have
> terminated my discussions with Hokin regarding the
> Gateway Annuity.
> 10. Hokin did not disclose to me that either he or Nikoh
> Securities was affiliated with his client.
> 11. I later learned that the client was Emerald
> Investments.

(Defendant's Memorandum, Ex. D, Declaration of James O'Brien.)  We will assume for purposes of this discussion both that Mr. Hokin's statements can be attributed to Emerald and that Allmerica can be deemed to have had knowledge of any statements made to Mr. O'Brien.

Mr. O'Brien's declaration is notable for what it does not say. Because it only refers to "early 1999," it is unclear as to when the conversation took place in relation to the execution of the Annuity Contracts.  Mr. O'Brien does not provide any context for the conversation or explain who contacted whom and why. Significantly, he does not state that he knew that Mr. Hokin was referring to Emerald at the time of their conversation or before the Annuity Contracts were executed; in fact, he states that he "later learned" (but does not say exactly when, how or from whom) that Mr. Hokin's client was Emerald.  No mention is made regarding who made the final decision to sell the annuities to Emerald or what that person expected based on any representations by Emerald. It is a big leap from Mr. Hokin's statements to Allmerica's argument that "Emerald induced Allmerica to issue the annuities by representing to Kemper that Emerald would only trade a few times a month."  (Memorandum at 7.)

In sum, the declaration does not adequately demonstrate that Emerald made any statements to Allmerica prior to the execution of the Annuity Contracts that created any particular expectations regarding the frequency of transfers. Because Mr. O'Brien's statements are insufficient to create a genuine issue of material fact as to the parties' reasonable expectations of Emerald's exercise of contractual discretion, Allmerica's motion for reconsideration is denied.

**B.   Clarification Regarding Breach by Imposition of Transfer Rules**

As explained _supra_, in our Memorandum Opinion of December 11, 2003, we held that there is no genuine issue that Allmerica breached the Annuity Contracts by imposing the Transfer Rules on Emerald. We also held that there is a genuine issue of fact as to whether Allmerica breached the Contracts by refusing to permit trades after the Transfer Rules were imposed, and we permitted discovery on the issue. Allmerica now requests that we "clarify" our opinion "with regard to those portions of the Transfer Rules that merely set forth administrative procedures that do not violate any terms of the Contracts." (Defendant's Memorandum at 10.)

Allmerica did not previously make this argument in its briefs opposing summary judgment. The parties treated the Transfer Rules as a whole and did not attempt to analyze them in parts. The overarching, operative feature of the Transfer Rules is the severe limitation on trading. The simple fact that the Transfer Rules as

- 7 -

a whole, containing this severe limitation, were unilaterally imposed on Emerald constituted the breach of contract. It is therefore unnecessary to examine and render an opinion as to each portion of the Transfer Rules. Nor do we believe that it is necessary to parse each component of the 4-page Transfer Rules when it is unclear at this juncture what the precise factual issues will be with regard to the trades that were refused after the Transfer Rules were imposed. Accordingly, Allmerica's request for "clarification" will be denied.

## CONCLUSION

Allmerica's motion for reconsideration and clarification is denied. A status hearing is set for April 28, 2004, at 11:00 a.m.


DATE:    April 8, 2004


ENTER:    _____
          John F. Grady, United States District Judge